1

                    IN THE UNITED STATES DISTRICT COURT
                       FOR THE DISTRICT OF MARYLAND
                            NORTHERN DIVISION


   UNITED STATES OF AMERICA

           v.                                        CRIMINAL CASE NO.
                                                       AMD-04-029
   WILLIE MITCHELL,
   SHELTON HARRIS,
   SHELLY WAYNE MARTIN,
   SHAWN GARDNER,

           Defendants
   _____/

                      VOLUME XXXIII OF XXXVII
                      Wednesday, December 3, 2008
                      Baltimore, Maryland


Before:  Honorable Andre M. Davis, Judge
                And a Jury

Appearances:
        On Behalf of the Government:
         Robert Harding, Esquire
         Michael Hanlon, Esquire
        On Behalf of Defendant Mitchell:
         Laura Kelsey Rhodes, Esquire
         Michael E. Lawlor, Esquire
        On Behalf of Defendant Harris:
         Paul Flannery, Esquire
        On Behalf of Defendant Martin:
         Thomas L. Crowe, Esquire
         James G. Pyne, Esquire
        On Behalf of Defendant Gardner:
         Barry Coburn, Esquire

Reported by:
Mary M. Zajac, RPR
Room 5515, U.S. Courthouse
101 West Lombard Street
Baltimore, Maryland 21201

1          (Jury starts deliberating at 9:55 a.m.)

2          (Proceedings at 3:40 p.m. with counsel via phone.

3    Defendants and jury not present.)

4          THE COURT: Counsel, good afternoon. We are on the

5    record here in the courtroom. I trust that everyone had a very

6    pleasant Thanksgiving break.

7          Why don't you just call out your names so that we can

8    record your presence?

9          MR. HARDING: Okay, Robert Harding for the government,

10   Your Honor. Mike Hanlon is on his way.

11         MS. RHODES: Laura Rhodes for Mr. Mitchell.

12         MR. LAWLOR: Mike Lawlor, also for Mr. Mitchell.

13         MR. FLANNERY: Paul Flannery for Shelton Harris.

14         MR. CROWE: Tom Crowe for Shelly Wayne Martin.

15         MR. PYNE: And Jim Pyne here for Mr. Martin.

16         MR. COBURN: Barry Coburn for Mr. Gardner.

17         THE COURT: We always have a problem hearing you, Mr.

18   Coburn.

19         MR. COBURN: Sorry, Your Honor. (Static on phone)

20         THE COURT: That's quite all right. We didn't hear a

21   word you just said but we didn't need to. The jury got under way

22   this morning at about quarter of ten or so and they've been

23   working all day.

24         We've gotten two notes. The first was simply a request

25   for an outdoor break at 1:00. Lunch was brought in at about

1    12:30.  And I wrote them back on my letterhead as follows:

2           Ladies and gentlemen, you may take an outdoor break

3    from 1 p.m. until 1:30 p.m.  No deliberations are to take place

4    during this break.  Deliberations may only resume after all 12

5    jurors have returned to the jury room.

6           And then a few minutes ago, we got the following note:

7    Request clarification on Judge Instructions, Page 118, Number 2

8    and 3.  Response to Count Ten, Mr. Harris, reference to Count 9,

9    actually, I think it's WRT, with regard to Martin.  And then the

10   note goes on to say, request clarification for jury deliberation

11   days.  We will continue Thursday, Friday, Monday, Tuesday, until

12   a verdict is reached.  We will start back tomorrow at 9:30 a.m.

13          I propose to send in the following response.  I'm

14   getting interference from some place.

15          MR. COBURN:  I hear it, too.  I don't know.

16          MS. RHODES:  I don't know.

17          THE COURT:  Okay.  It seems to have ceased.  What

18   they're talking about here you probably remember, Mr. Flannery

19   was sharp-eyed enough to notice that error on the verdict sheet,

20   where under Count 12 it had said as to Mr. Harris, Count 9, and

21   as to Mr. Martin it said Count 10.  And I promised to correct

22   that and, in fact, I did correct it when I printed out the

23   verdict sheet, verdict form as a separate document.  But I did

24   not correct it in the version of the verdict sheet which was

25   imbedded in the 128 page instruction packet.  So that's what

1  they're referring to.

2  I've doublechecked and, indeed, I did correct it on the
3  separate verdict sheet. So clearly, this question arises because
4  they're looking, quite sensibly, they're looking at the
5  instructions and the verdict sheet. So here's my proposed
6  response.

7  Ladies and gentlemen, you ask for clarification of Page
8  118 in the instructions respecting Count 12 of the indictment as
9  to Mr. Harris and Mr. Martin. I apologize for the confusion in
10 the instructions. On the separate verdict, jury verdict form
11 given to your foreperson, you should note that the typos
12 mentioned above have been corrected. Thus, on the separate jury
13 verdict form, Page 13, you will note that whereas Page 118 of the
14 instructions says 10 as to Mr. Harris, the form says 12. And
15 whereas Page 118 says 9 as to Mr. Martin, the form says at Page
16 14, 12. Your foreman will use the separate verdict form to
17 record and deliver your verdict.

18  Is that acceptable to everyone?

19  MR. HARDING: Yes, Your Honor.

20  MR. LAWLOR: Yes, Your Honor.

21  MR. FLANNERY: Yes, Your Honor.

22  MR. CROWE: Yes, Your Honor.

23  MR. COBURN: Yes, Your Honor.

24  THE COURT: The record will reflect that all counsel --
25 I didn't hear you, Ms. Rhodes?

1    MS. RHODES:  I still -- okay.  Can you fax us a copy of
2    this when we're done?
3    THE COURT:  Of course.  I'd be happy to.  All I'm doing
4    is pointing out the pages on the verdict form that corresponds to
5    Page 118 of the version of the verdict form that's imbedded in
6    the instructions.  That's all that it amounts to.
7    And then separately, both in their earlier note and as
8    you heard me read the more recent note, the jury has indicated
9    that it would like to leave at 4:00 today.  So I've added the
10   following last portion of this note.
11   If you wish to depart at 4 p.m., you may do so, keeping
12   in mind all of my prior instructions.  You should appear tomorrow
13   no later than 9:30 a.m. in accordance with the same instructions
14   previously given and under the same arrangement we followed
15   today.
16   Anybody have a problem with that?
17   MR. HARDING:  No, Your Honor.
18   MR. COBURN:  No, Your Honor.
19   MR. FLANNERY:  No, Your Honor.
20   MR. LAWLOR:  No, Your Honor.
21   MR. PYNE:  No, Your Honor.
22   THE COURT:  Okay.  Great.  We'll send this in and I'll
23   have Ms. Arrington fax over a copy of this and my earlier note as
24   well to your attention.
25   MR. COBURN:  Your Honor, may I have, Your Honor --

1          THE COURT: Wait. Wait. Wait. Wait, please. One at
2   a time. First, Mr. Coburn. Loudly, please, Mr. Coburn.
3          MR. COBURN: Yes, Your Honor. I'm actually in the
4   library. Talking so quietly. I just wanted to let Your Honor
5   know we've got, certainly a very hard-working jury that we have.
6   I'll just send Your Honor, with your permission, I'll send you an
7   e-mail about it with copies to all counsel, rather than bothering
8   you with it now.
9          THE COURT: That's fine, Mr. Coburn.
10         MR. COBURN: Thank you, Your Honor.
11         THE COURT: We'll look for your e-mail. Yes, Mr.
12  Harding.
13         MR. HARDING: Judge, did the jurors indicate whether
14  they were sitting this Friday?
15         THE COURT: They did indeed, yes. They specifically
16  say, We will be back on Friday.
17         MR. HARDING: Thank you.
18         THE COURT: Thank you all. Talk to you tomorrow.
19         MS. RHODES: Is this, is our discussion being piped
20  upstairs to the lock-up for the defendants?
21         THE COURT: No, it is not.
22         MS. RHODES: Is it possible to start doing that as for
23  other notes? This may go on for sometime.
24         THE COURT: Well, certainly any substantive note, Ms.
25  Rhodes, I would include them. But I don't believe it's necessary

1  for them to hear these kinds of housekeeping, non-controversial
2  discussions.  But your point is well taken.  And it may be that
3  if we need to communicate with the jury tomorrow, just to break
4  the monotony of it all, I think we'll probably ask all of you to
5  come over to the courthouse.
6         And in that regard, I would ask all of you to see if
7  you can't arrange your schedules to be here around lunch time
8  tomorrow, give or take an hour or so.
9         MS. RHODES:  Very well.
10        THE COURT:  Okay?
11        MR. CROWE:  Judge, this is Tom Crowe.  I assume if we
12 don't hear anything from anybody by five, we're free to leave.
13        THE COURT:  Exactly.  I think they're going to leave at
14 four, in the next ten minutes, actually.
15        MR. CROWE:  Okay.
16        THE COURT:  All right.  Thank you all very much.
17        (Conclusion of Proceedings at 3:58 p.m.)

8

1       REPORTER'S CERTIFICATE

2

3       I, Mary M. Zajac, do hereby certify that I recorded

4  stenographically the proceedings in the matter of USA v. Willie

5  Mitchell, et al., Case Number(s) AMD-04-029, on December 3, 2008.

6       I further certify that the foregoing pages constitute

7  the official transcript of proceedings as transcribed by me to

8  the within matter in a complete and accurate manner.

9       In Witness Whereof, I have hereunto affixed my

10 signature this _____ day of _____, 2009.

11

12

13

14                              _____
                                Mary M. Zajac,
15                              Official Court Reporter

16

17

18

19

20

21

22

23

24

25