IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * Criminal No. JFM-04-029 |
| | * Civil No. JFM-12-2890 |
| | * |
| SHELLY WAYNE MARTIN | * |

*****

MEMORANDUM

Shelly Wayne Martin has filed this motion to vacate sentence under 28 U.S.C. § 2255. Martin was convicted of two counts of racketeering conspiracy by a jury. Judge Andre Davis, who was then presiding over the case, imposed concurrent 400 month sentences on the two counts as to which Martin was convicted. Martin appealed his conviction, and the Fourth Circuit affirmed.

Martin alleges that his counsel was ineffective in two respects: (1) not properly advising him in connection with a plea offer made by the Government, and (2) not arguing that the RICO conspiracy instruction given by the court constructively amended the indictment. Neither contention has merit.

Martin's first claim is based upon the premise that his counsel did not advise him that the maximum period of incarceration he faced was life. The premise is simply untrue. Although, Martin's counsel has declined, absent court order, to disclose the substance of his conversations with Martin because of an ABA opinion, the record contains a plea letter which states that life imprisonment is the maximum statutory period of incarceration that Martin faced. The record further discloses that Martin signed the plea agreement but, at a rearraignment before Judge Davis, declined to enter a plea agreement.[1]

---

[1] What occurred was that Judge Davis put Martin on the stand, and Martin stated that he "accepted

Moreover, in light of the fact that the record reveals that Martin rejected the very plea offer that he now asserts was not satisfactorily explained to him, he cannot show, as required by *Lafler v. Cooper*, 132 S. Ct. 1376, 1385 (2012), "that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (i.e., that the defendant would have accepted a plea and the prosecution would not have withdrawn it in light of intervening circumstances). . . .

Plaintiff's second claim is that the court's instruction (which was upheld by the Fourth Circuit on appeal) constituted a "constructive amendment" to the indictment because count I contained the passage stating that "it was a part of the conspiracy that each defendant agreed that a conspirator would commit at least two acts of racketeering activity . . . in the conduct of the affairs of the enterprise." At trial and on appeal the contested issue was whether Martin, as opposed to a co-conspirator, personally had to have committed at least two acts of racketeering activity. Both Judge Davis and the Fourth Circuit found that it was sufficient that two acts of racketeering activity occurred during the furtherance of the conspiracy. In effect, this is what the indictment itself also said, and the language quoted by Martin was not so inconsistent with the instruction given by Judge Davis that the instruction constituted a constructive amendment of the indictment.

A separate order denying Martin's motion is being entered herewith.

Date: 2/26/13

J. Frederick Motz
United States District Judge

---

it (the plea offer) and returned it for value." Judge Davis, understanding the "flesh and blood" lingo in which Martin used, understood that Martin was rejecting the plea. Judge Davis stated "Mr. Martin is not pleading guilty." Martin does not contest his rejection of the plea in pursuing his § 2255 motion.