IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SHELLY WAYNE MARTIN * 

Petitioner *

v * Criminal Case: RDB-04-0029
  (Related Civil Action RDB-18-0029)
UNITED STATES *

Respondents *

***

## MEMORANDUM OPINION

On March 19, 2018, Shelly Wayne Martin filed this Motion for Relief from Judgment pursuant to Fed. R. Civ. P. 60(b). (ECF No. 819). The Motion will be treated as a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. §2255, and DISMISSED without prejudice.

## BACKGROUND

Martin was convicted of two counts of racketeering conspiracy after a 36 day jury trial. He was sentenced to concurrent 400 month sentences by Judge Andre M. Davis on March 30, 2009.[1] On appeal, his conviction was affirmed by the United States Court of Appeals for the Fourth Circuit. *United States v. Martin*, CA No. 09-4359 (4th Cir. 2011).

On September 27, 2012, Martin filed a Motion to Vacate under 28 U.S.C. §2255, which was denied on the merits by Judge J. Frederick Motz. *Martin v. United States,* Civil Action No. JFM-12-2890 (D. Md. 2013). The Fourth Circuit denied a Certificate of Appealability and dismissed Martin's appeal. *United States v. Martin,* CA4 No. 13-6697 (4th Cir. 2013). Martin later filed a "Motion under the Declaratory Judgment Act of 28 U.S.C. §2201," collaterally

---

[1] On November 10, 2009, Judge Andre M. Davis was elevated to the United States Court of Appeals for the Fourth Circuit.

attacking his sentence, and it was dismissed without prejudice as an unauthorized successive §2255 Motion. *Martin v. United States*, Civil Action No. JFM-16-109 (D. Md. 2016).[2]

## DISCUSSION

A motion filed under Federal Rule of Civil Procedure 60(b) that "seeks to add a new ground for relief" or "attacks the federal court's previous resolution of a claim on the merits" is in fact a second or successive petition for writ of habeas corpus. *See Gonzales v. Crosby*, 545 U.S. 524, 532,(2005). In *United States v. Winestock*, 340 F.3d 200, 206–07 (4th Cir. 2003), the Fourth Circuit distinguished between a Rule 60(b) motion and a 28 U.S.C. § 2255 motion, explaining that a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider. *Id.* at 207. A petitioner may not evade the procedural requirements for successive § 2255 motions by attaching other titles to his filings. *See Calderon v. Thompson*, 523 U.S. 538, 553 (1998); *see also Castro v. United States*, 540 U.S. 375, 382-83 (2003) (noting a court may recharacterize a pro se litigant's pleading to "create a better correspondence between the substance of the claim and its underlying legal basis"). "Federal courts sometimes will ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category." *Castro*, 540 U.S. at 381.

Here, Martin disputes the guidelines that were applied to calculate his sentences. He asserts: "Despite the [j]ury verdict, the Court applied the U.S.S.G § 2E1.1(a) (2) cross reference to the 2A1.1 guideline for first degree murder which place[d] the Movant's advisory guideline range to 43, which is significantly higher than the guideline range of approximately 34 which he would face for the drug quantities found by the jury." (ECF No. 819 at 5). But for the

---

[2] This case was reassigned from Judge J. Frederick Motz to the undersigned on March 20, 2018.

2

application of the "§ 2E1.1(a) (2) cross reference to the movant would not have been subjected to the advisory guideline range that calls for up to life imprisonment." (ECF No. 819 at 6). Martin asserts that in light of *Nelson v. Colorado,* 137 S.Ct. 1249, 1252 (April 19, 2017), "and its Constitutional directive that a defendant has the Right to be presumed innocent absent a finding of guilt, the Judgment whereby the movant is sentenced to four hundred (400) months imprisonment should be vacated." (ECF No. 819 at 6).

In *Nelson,* the Supreme Court considered whether the State is required to refund fees, court costs and restitution exacted from the defendant as a consequence of conviction after that conviction is invalidated and it is determined no trial will occur. *Id.* The Court concluded that a Colorado state law violated due process where that law required defendants whose convictions have been reversed or vacated to additionally prove their innocence in a subsequent civil proceeding by clear and convincing evidence in order to obtain a refund of funds paid to the state, including restitution payments. *Nelson,* 137 S.Ct. at 1254–58.

Contrary to Martin's assertions, the presumption of innocence is not a newly announced substantive rule of law. (ECF No. 819 at 7-8). It is beyond argument that the presumption of a defendant's innocence at trial is a fundamental pillar of criminal law in this country. *Taylor v. Kentucky,* 436 U.S. 478, 483 (1978), quoting *Coffin v United States,* 156 U.S. 432, 453 (1895) ("The principle that there is a presumption of innocence in favor of the accused is the undoubted law, axiomatic and elementary, and its enforcement lies at the foundation of the administration of our criminal law."). The remaining issues addressed in *Nelson* have no application to Martin's sentence or conviction.

## I. MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE

Although styled as a Rule 60(b) Motion, it is clear that Martin is challenging the legality

3

of his federal criminal sentence, not the collateral review process. Accordingly, the Motion is properly construed as a successive § 2255 petition, rather than a Rule 60(b) motion. As a successive § 2255 motion, it may not be considered by this Court without authorization from the United States Court of Appeals for the Fourth Circuit. See 28 U.S.C. §§ 2244(b)(3)(A), 2255; *In re Vial*, 115 F.3d 1192, 1197-98 (4th Cir. 1997) (*en banc*). Martin has not received the proper certification from the Fourth Circuit Court of Appeals. Consequently, this Court may not consider the merits of the claim.

## II. RULE 60 (b)

Even if this Court were to consider Martin's claims under Rule 60(b), they would prove unavailing. To support a motion for relief under Rule 60(b), Martin must show "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." *Hale v. Belton Assoc., Inc.*, 305 Fed. Appx. 987, 988 (4th Cir. 2009) (quoting *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993)). He must then show reason to justify relief. *See* Fed. R. Civ. P. 60(b)(6). As the moving party, he "must clearly establish the grounds . . . to the satisfaction of the district court," and those grounds "must be clearly substantiated by adequate proof." *In re Burnley*, 988 F.2d 1, 3 (4th Cir. 1992) (citations omitted). Rule 60(b) provides a remedy that "is extraordinary and is only to be invoked upon a showing of exceptional circumstances." *McLawhorn v. John W. Daniel & Co., Inc.*, 924 F.2d 535, 538 (4th Cir. 1991), citing *Compton v. Alton Steamship Co.*, 608 F.2d 96, 102 (4th Cir. 1979).

Martin moves for relief under Rule 60(b)(1), (b)(5), and (b)(6): which provide relief "for mistake, inadvertence, surprise, or excusable neglect"; or where "the judgment has been satisfied, released, or discharged, is no longer equitable, or is based on an earlier judgment that

has been reversed"; and for "other reason that justifies relief." Fed. R. Civ. P. 60(b). A motion under Rule 60(b)(1), must be filed no more than one year after entry of judgment. *See* Fed. R. Civ. P. 60(c)(1). In this case, the Motion is not only untimely filed, but is devoid of factual allegations to satisfy this provision. To the extent that the motion was timely filed as to subsections (b)(5) and (b)(6), which require filing within a "reasonable time," Fed. R. Civ. P. 60(c)(1), Martin's allegations have no merit. His judgment has not been discharged or reversed, and no extraordinary circumstances are shown.

## CERTIFICATE OF APPEALABILITY

A Certificate of Appealability ("COA") will not issue unless a petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.' " *Rouse v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). A litigant seeking a COA must demonstrate that a procedural ruling barring relief is itself debatable among jurists of reason; otherwise, the appeal would not "deserve encouragement to proceed further." *Buck v. Davis*, 137 S. Ct. 759, 777 (2017). Denial of a COA does not preclude a petitioner from seeking permission to file a successive petition or from pursuing his claims upon receiving such permission. This Court declines to issue a Certificate of Appealability.

## CONCLUSION

The Motion to Vacate will be dismissed without prejudice for lack of jurisdiction. A separate Order shall be entered reflecting this Memorandum Opinion.

April 3, 2018

/s/ Richard D. Bennett
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE