IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal Action No. RDB-04-0029 |
| SHELLEY WAYNE MARTIN, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

Defendant Shelley Wayne Martin ("Defendant" or "Martin") is currently serving a 400-month prison sentence for participating in a racketeering conspiracy, in violation of 18 U.S.C. § 1962(d) and conspiracy to distribute and possess with intent to distribute 50 grams or more of crack cocaine and 5 kilograms or more of powder cocaine, in violation of 21 U.S.C. § 846. (Jury Verdict, ECF No. 583; Judgment, ECF No. 650.)  Presently pending before this Court are two motions filed by Martin, requesting a reduced sentence to time served.  Specifically, presently pending is Martin's for Reduction of Sentence under Section 404(b) of the First Step Act, seeking a reduction in his sentence that is "within his new Guideline range." (ECF No. 832.)  On May 28, 2021, Martin, now with counsel representation, submitted a supplemental request for reduction of his sentence to time served.  (ECF No. 859.)  The Government has opposed Martin's Motions.  (ECF No. 864.)  The parties' submissions have been reviewed and no hearing is necessary.  *See* Local Rule 105.6 (D. Md. 2021).  For the reasons stated herein, Martin's Motions for Reduction of Sentence under Section 404(b) of the First Step Act (ECF Nos. 832, 859) are GRANTED.  After consideration of factors relating to the danger Martin may pose to the community upon release and the appropriate sentence for his crime, this

Court finds that Martin should not be immediately released, but instead, his sentence should be reduced from 400 months to 300 months followed by the previously-imposed five-year term of supervised release.

## BACKGROUND

On June 27, 2007, Martin was charged along with three co-Defendants in a 19-count indictment. (Fourth Superseding Indictment, ECF No. 355.) Martin was charged with one count of participating in a racketeering conspiracy, in violation of 18 U.S.C. § 1962(d) (Count One); two counts of murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(1) (Counts Five and Six); one count of conspiracy to distribute and possess with intent to distribute 50 grams or more of crack cocaine and 5 kilograms or more of powder cocaine, in violation of 21 U.S.C. § 846 (Count Eight); one count of possession of a firearm in furtherance of drug trafficking and a crime of violence, in violation of 18 U.S.C. § 924(c) (Count Twelve); and two counts of possession of a firearm in furtherance of a drug trafficking and a crime of violence resulting in death, in violation of 18 U.S.C. § 924(j) (Counts Thirteen and Fourteen). (*Id.*) On December 8, 2008, after a jury trial, Martin was convicted of participating in a racketeering conspiracy, in violation of 18 U.S.C. § 1962(d) (Count One) and conspiracy to distribute and possess with intent to distribute 50 grams or more of crack cocaine and 5 kilograms or more of powder cocaine, in violation of 21 U.S.C. § 846 (Count 8). (Jury Verdict, ECF No. 583.) As to Count Eight, the jury found that 50 grams or more of crack, 5 kilograms or more of cocaine, and a detectable quantity of marijuana were attributable to the conspiracy. Martin was acquitted of the five remaining charges against him, including the murder charges.

On March 30, 2009, this Court[1] sentenced Martin to 400 months imprisonment, with concurrent terms of 400 months as to each of Counts One and Eight, followed by five years of supervised release. (Judgment, ECF No. 650.) Martin timely appealed his conviction and sentence. (ECF No. 654.) On June 15, 2011, the United States Court of Appeals for the Fourth Circuit affirmed Martin's conviction and sentence. *United States v. Willie Mitchell et al.*, No. 09-4215 (4th Cir. June 15, 2011). The United States Supreme Court denied certioriari on November 15, 2021. *Id.*

On January 22, 2020, Martin filed a Motion for Reduction of Sentence under Section 404(b) of the First Step Act. (ECF No. 832.) In early 2020, the COVID-19 pandemic began to spread throughout the United States. *See In re: Court Operations Under the Exigent Circumstances Created by COVID-19*, Case 1:00-mc-00308, Standing Order 2020-05 (D. Md. Mar. 20, 2020). On May 28, 2021, Martin, with the assistance of counsel, supplemented his Motion for Reduction of Sentence and moved for immediate release. (ECF No. 859.) Martin does not argue that any health conditions make him particularly vulnerable to complications should he contract COVID-19. (*Id.*) Martin is projected to be released on December 23, 2032.

## ANALYSIS

In 2018, Congress enacted the First Step Act. *See* Pub. L. No. 115-291, 132 Stat. 5194. The First Step Act provides, *inter alia*, for broader application of the Fair Sentencing Act of 2010, which aimed to reduce sentencing disparities between crack and powder cocaine offenses. *See United States v. Wirsing*, 943 F.3d 175, 178 (4th Cir. 2019) (citing Fair Sentencing

---

[1] This case was originally assigned to former Judge Andre M. Davis. On October 15, 2012, the case was reassigned to Judge J. Frederick Motz. Upon Judge Motz's retirement, this case was reassigned to the undersigned.

Act, Pub. L. No. 111-220, 124 Stat. 2372 (2010)). Section 404 of the First Step Act provides that a sentencing court may "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed." First Step Act § 404(b), 132 Stat. at 5222. A "covered offense" is "a violation of a Federal criminal statue, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010, that was committed before August 3, 2010." *Id.* § 404(a).

Any inmate serving a sentence for pre-August 3, 2010 violations of 21 U.S.C. § 841(b)(1)(A)(iii) is eligible for relief under the First Step Act. *See United States v. Gravatt*, 953 F.3d 258, 259 (4th Cir. 2020); *United States v. Wirsing*, 943 F.3d 175, 185 (4th Cir. 2019). In *Wirsing*, the Fourth Circuit concluded that when determining whether an offense is "covered," courts should look to the statute of conviction rather than to the conduct or drug quantities underlying the conviction. 943 F.3d at 185-86. Before August 3, 2010, Martin committed a violation of 21 U.S.C. § 841(b)(1)(A)(iii) (Count Eight), the statutory penalties for which were modified by Section 2 of the FSA. In addition, under the sentencing package doctrine, "when a district court reconsiders a sentence for one count, it can reconsider sentences for other counts." *United States v. Hill*, --- F. Supp. 3d ---, 2020 WL 891009, at *4 (D. Md. Feb. 24, 2020). Here, because Martin's violation of 18 U.S.C. § 1962(d) in Count One was grouped with Count Eight at sentencing, this Court may reduce the sentence for both Count One and Count Eight since Count Eight qualifies as a "covered offense." *See id.* ("Several district courts have concluded that where such grouping occurred at sentencing, a court can, in considering a First Step Act motion, reduce the sentence on all of the counts in a group if one of them qualified as a 'covered offense'") (citing *United States v. Harmer*, No. CCB-03-0216, ECF No. 113 (D.

4

Md. Oct. 9, 2019); *United States v. Black*, 388 F. Supp. 3d 682, 688 (E.D. Va. 2019)). Accordingly, Martin is eligible for relief under the First Step Act.

As Judge Blake of this Court has held, "eligibility does not mandate relief." *United States v. Collins*, CCB-10-336, 2020 WL 1506176, at *1 (D. Md. Mar. 30, 2020). Accordingly, to determine whether a reduction in sentence is appropriate, this Court should weigh the factors under 18 U.S.C. § 3553 and consider post-sentencing conduct. *Id.* As the Fourth Circuit most recently explained in *United States v. Webb*, a First Step Act proceeding "is not a plenary resentencing" and "the decision whether to grant any reduction under the [FSA] 'is entrusted to the district court's discretion.'" No. 19-6491 (4th Cir. July 19, 2021) (first citing *United States v. Collington*, 995 F. 3d 347, 356 n.4 (4th Cir. 2021); then quoting *United States v. Jackson*, 952 F.3d 492, 495 (4th Cir. 2020)). This Court must "consider a defendant's arguments, give individual consideration to the defendant's characteristics in light of the [18 U.S.C.] § 3553(a) factors, determine …whether a given sentence remains appropriate in light of those factors, and adequately explain that decision." *Id.* (quoting *Collington*, 995 F.3d at 360).

Under U.S.C. § 3553(a), the court must consider (1) Martin's personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offense; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants. *See United States v. Bryant*, Crim. No. 95-202-CCB-3, 2020 WL 2085471, at *4 (D. Md. Apr. 30, 2020).

In this case, the 3553(a) factors weigh in favor of reducing Martin's sentence to 300 months. Looking to each of these factors, this Court recognizes strong arguments against Martin's *immediate* release. The parties and this Court agree that the nature and circumstances of the offenses are serious. Martin and his co-Defendants trafficked in large quantities of drugs and were involved in the commission of multiple robberies and murders. (*See* Presentence Investigation Report ("PSR") ¶¶ 8, 13, 15, 16 18-21.) The weight of the evidence was also strong. After a 36-day trial, a jury found Martin guilty of Count One (participating in a racketeering conspiracy, in violation of 18 U.S.C. § 1962(d)) and Count Eight (conspiracy to distribute and possess with intent to distribute 50 grams or more of crack cocaine and 5 kilograms or more of powder cocaine, in violation of 21 U.S.C. § 846) after presentation of the Government's case and consideration of the defense. (Jury Verdict, ECF No. 583.) Martin was acquitted of the murder charges and, at sentencing, Judge Davis noted "the jury's decision not to convict Mr. Martin on the murder counts reflects at the least the jury's decision not just that the evidence as to Mr. Martin was insufficient, but that there is some cognizable difference between Mr. Martin and the other three defendants." (Sentencing Tr. at 45, ECF No. 710.)

Martin's crimes of conviction do not alone dictate whether he would be a danger to the community today and whether a reduction in his sentence is appropriate. The Court must also examine Martin's personal history and characteristics, which present a set of countervailing considerations. On the one hand, this was not Martin's first drug conviction: he has several prior convictions, including one with a firearm. (*See* PSR ¶¶ 45-48.) He also has numerous juvenile offenses. (*Id.* ¶¶ 51-66.) Martin's criminal activity was continuous until he received the federal sentence he is currently serving.

On the other hand, as the Government concedes, Martin was also a much younger man at the time he was convicted. (ECF No. 864 at 12.) He was convicted at age twenty-four and is now forty-three. Over the last nineteen years, his BOP disciplinary record has remained relatively clean, and he has made significant efforts to improve himself. (*See* BOP Inmate Disciplinary Record, ECF No. 864-1.) In the last two years, Martin has incurred only one infraction, which was non-violent and involved the use of a third-party texting service. (*See* BOP Program Review, ECF No. 859-12.) While in prison, Martin has completed drug education and non-residential drug treatment, in addition to a "Challenge Program," which is an "intensive, three phase, 500-hour residential treatment program." (*See* ECF Nos. 859-2, 859-3.) Additionally, Martin has successfully completed classes on work habits, forklift safety, decision-making, alternatives to violence, and anger management. (*See* ECF Nos. 859-5, 859-6.)

As for "the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public," again, this Court finds persuasive arguments on both sides. Martin has several prior convictions and a lengthy criminal history. Accordingly, it is only rational to conclude that a substantial penalty is necessary to dissuade him from future offenses. However, as noted by Judge Davis at sentencing, Martin's more limited role in the crimes leading to his conviction and sentence prompted the jury's decision not to convict him on the murder counts, reflecting "that there is some cognizable difference between Mr. Martin and the other three defendants." (Sentencing Tr. at 45, ECF No. 710.)

In this case, although Martin's crime was serious and he reoffended in the past, he is now middle-aged and there is less reason to believe the same would occur today.  Upon his eventual release, Martin will land on solid ground.  Letters from Martin and his family members show that, upon release, he plans to reside with his father and stepmother in New Port Richey, Florida, away from the negative influences he faced in Maryland.  (*See* ECF Nos. 859-1, 859-7, 859-8.)  Letters from family reflect that they are eager for him to return home after his period of incarceration.  (*See* ECF Nos. 859-9, 859-10, 859-11.)

Given the serious nature of Martin's offenses, the strength of the evidence against him, and his recidivist past, this Court cannot find that Martin has met the requirements for immediate release under the First Step Act.  However, considering his age, efforts toward rehabilitation, and good behavior, as well as the courts' expanding authority to exercise discretion in its sentencing decisions, this Court finds that the 400-month sentence imposed in 2009 is "greater than necessary" to comply with the purposes of incarceration. 18 U.S.C. § 3553(a).  This Court instead finds that a total sentence of 300 months would be sufficient. Martin has done well in the Bureau of Prisons, with a relatively clean recent disciplinary record, has completed numerous drug education courses, has taken classes on work habits, forklift safety, decision-making, alternatives to violence, and anger management, and has a promising plan in place upon his release.  Moreover, a sentence of 300 months is consistent with this Court's current sentencing practices for similar crimes.  *See, e.g., United States v. Jones*, No. JKB-96-0399, ECF No. 634 (D. Md. Apr. 30, 2020) (reducing sentence under Section 404 of the First Step Act to 330 months for defendant convicted of a drug

conspiracy involving violence committed by a co-defendant); *United States v. Hill*, No. JKB-96-0399, ECF No. 635 (D. Md. Apr. 30, 2020) (same).

Accordingly, after consideration of the § 3553(a) factors, this Court finds that a reduction in Martin's sentence to 300 months and the previously-imposed supervised release term of five years is appropriate. Therefore, Defendant Martin's Motion for Reduction of Sentence under Section 404(b) of the First Step Act (ECF No. 832) and Motion for Imposition of a Reduced Sentence Pursuant to Section 404 of the First Step Act (ECF No. 859) are GRANTED.

## CONCLUSION

Accordingly, for the reasons stated above, it is HEREBY ORDERED this 27th day of July, 2021, that:

1. Defendant Martin's Motion for Reduction of Sentence under Section 404(b) of the First Step Act (ECF No. 832) and Motion for Imposition of a Reduced Sentence Pursuant to Section 404 of the First Step Act (ECF No. 859) are GRANTED;

2. Defendant Martin's sentence is reduced to 300 months;

3. All other terms and conditions remain in effect;

4. An Amended Judgment & Commitment Order shall be prepared to reflect Defendant Martin's reduction in sentence; and

5. The Clerk of the Court shall send copies of this Memorandum Order to the parties.

_____/s/_____
Richard D. Bennett
United States District Judge